Evidence to show that the vendor of the complainant ever had a valid copy of the digest which it is charged the respondents have infringed is entirely wanting, which is all that need be said upon the subject. Damages cannot be recovered of a party for having used the matters published in a book which was never copyrighted, nor can a suit be maintained against a party for infringement in a case where there is no evidence of copyright introduced by the complainant.

Sufficient evidence was introduced by the complainant to show that a printed copy of the title-page was deposited in the clerk's office of the district court of the district wherein the author or proprietor of the several volumes of reports mentioned in the bill of complaint resided; but there is no evidence in the case that such deposit was made before publication, as required by section 4 of the copyright act. 4 Stat. 437. Proof was also introduced sufficient to show that the author or proprietor did deliver or cause to be delivered a copy of the said several volumes to the clerk of the said district court; but there is no evidence that the same were, in any case, so delivered within three months from the publication of the book, nor are there any facts or circumstances from which the court can supply, by inference, the want of direct evidence upon the subject, as there is no evidence whatever when publication was made. Persons claiming that they own the copyright of a book, in a suit for infringement, must prove their ownership by competent evidence, else their suit cannot be maintained, as the burden is upon the complainant to prove his title to copyright, as well as to prove infringement. Power is vested in congress to secure to authors and inventors, for limited times, the exclusive right to their respective writings and discoveries; and congress having exercised that power, authors, as well as inventors, must comply with the conditions which congress has seen fit to annex to the enjoyment of such exclusive right. Deposit of a printed copy of the title of the book must be made, before publication, in the clerk's office of the district court of the district wherein the author or proprietor shall reside, and he, the author or proprietor, must deliver a copy of the book to the clerk of said district court within three months from the publication of the same, else he is not entitled to the benefit of the act. Such are the abstract requirements of the act of congress; nor is it competent for the circuit court to disregard the requirement. Wheaton v. Peters, 8 Pet. [33 U. S.] 653; Reade v. Conquest, 9 C. B. (N. S.) 755.

3. Suppose it were otherwise, still the court is of the opinion that the complainant is not entitled to recover even nominal damages, as, by the statute law of the state, the judges of the court respectively were the authors of their opinions. Reporters of the decisions of the superior court were appointed by the governor with the advice of the council; but the second section of the same statute provides that each justice of said court shall prepare for the press, and furnish to the reporter, concise reports of the cases in which the judgment or opinion of the court, in matters of law pending at the law terms, was pronounced by him, within six months after the same is pronounced. Rev. St. 405. Section 5 of the same statute enacts that said reporter shall edit said reports as early as practicable, provide for the sale thereof by disposing of the copyright, or otherwise, as he may deem expedient, and the direction is that he shall pay into the state treasury the net proceeds, after deducting the reasonable and necessary expenses of publishing and selling. Of course, the judges respectively prepare the opinions, and the proof is equally full and decisive that they also prepared the head-notes to each of the cases reported in the several volumes of reports in question. Even grant that the copyright is not defective, still it cannot secure to the complainant what he does not own, nor could their vendors convey to them what they never owned. "Nemo dat quod non habet." Persons, therefore, who buy from one not the owner, acquire no property whatever in the thing purchased, as no one, in such a case, can convey any better title than he owns; unless the sale is made in market overt or under circumstances which show that the seller lawfully represented the owner. Foxley's Case, 5 Coke, 109a; 2 Bl. Comm. 449; 2 Kent, Comm. (11th Ed.) 224; Marsh v. Keating, 2 Clark & F. 260; Benj. Sales, 4; 1 Pars. Am. Law (5th Ed.) 520; Mitchell v. Hawley, 16 Wall. [83 U. S.] 550. None of the reporters were the authors of the opinions nor of the head-notes, and of course they had no copyright in the same, and it follows that, inasmuch as they had no such copyright in the opinions or head-notes, they could not convey any title to the grantor of the complainant, and that the latter acquired nothing in that regard by virtue of the several conveyances under which he claims. Having come to this conclusion, it is not necessary to decide whether the proofs introduced by the complainant show an infringement or not, as it is quite plain that the bill of complaint must be dismissed.

Bill of complaint dismissed, with costs.

---

## Case No. 2,629.

CHASE v. SMITH.

[4 Cranch, C. C. 90.][1]

Circuit Court, District of Columbia. May Term, 1830.

ACTION ON UNAUTHORIZED APPEAL BOND.

Although an appeal will not lie to the judgment of a justice of the peace upon a verdict

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

of a jury, yet, if the defendant does, in fact, appeal and give an appeal-bond, the plaintiff may maintain an action upon that bond.

Debt on an appeal-bond given upon an ap-peal from the judgment of a justice of the peace, upon the verdict of a jury. The dec-laration set forth the condition of the bond, which was in the usual form, except that it stated that the judgment was rendered upon the verdict of a jury before the justice. The breach assigned was the not prosecuting the appeal with effect; and not satisfying the judgment of the justice.

Z. C. Lee, for defendant, demurred to the declaration, without oyer of the bond; con-tending, that inasmuch as the condition of the bond, set out in the declaration, showed that the judgment was upon a verdict before the justice of the peace; and as this court, upon the appeal in the same case, decided that this court had not jurisdiction by appeal where the judgment of the justice was upon a verdict, the bond was void.

But THE COURT overruled the demurrer.

---

CHASE (SMITH v.). See Cases Nos. 13,022 and 13,023.

CHASE (UNITED STATES v.). See Cases Nos. 14,787 and 14,788.

CHASE v. VERMONT VAL. R. CO. See Cases Nos. 11,264 and 11,265.

---

## Case No. 2,630.

CHASE et al. v. WALKER et al.

[3 Fish. Pat. Cas. 120.][1]

Circuit Court, E. D. Pennsylvania. Nov., 1866.

EQUITABLE ASSIGNMENT OF PATENT — OF EXTEN-SION.

1. J. contracted to convey to W. a local in-terest in letters patent "to the utmost and full-est extent, as to duration, that he is or may be entitled to under the said letters patent." *Held*, that these words transferred an equitable title to the same local interest in an extension of said letters patent afterward obtained.

2. The words "said letters patent," apply as well to the letters patent as extended as to the original term.

3. Where a patentee conveys an original pat-ent and "any further patent which he shall or may at any time hereafter procure for any im-provement or improvements upon the invention patented," he must be understood to convey so much of an interest in any future extension of his original patent as may be necessary to the beneficial use of the improvements.

[See Littlefield v. Perry, 21 Wall. (88 U. S.) 205; Philadelphia, W. &. B. R. Co. v. Trimble, 10 Wall. (77 U. S.) 367; Nicholson Pavement Co. v. Jenkins, 14 Wall. (81 U. S.) 452; Puetz v. Bransford, 31 Fed. 458; Aspinwall Manuf'g Co. v. Gill, 32 Fed. 697.]

This was a bill in equity filed [by Irah Chase, Jr., and Albert Clark, partners as Chase & Co.], to restrain defendants [Mat-

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

thew Walker, Sr., and Daniel S. Walker, part-ners as M. Walker & Son], from infringing letters patent [No. 5,006]. for "improvement in the process of manufacturing wire grat-ing," granted to Henry Jenkins, March 6, 1847, reissued June 28, 1859 [No. 7,471], and extended for seven years from March 6, 1861. The bill alleged that after the extension of said patent the same was assigned by Jenk-ins, the patentee, to the New York Wire Rail-ing Company, and by them conveyed to Chase & Co., the complainants.

The answer averred that prior to the as-signment to the New York Wire Railing Com-pany and during the original term of the let-ters patent, Jenkins, by his written contract, had conveyed to Daniel S. Walker the ex-clusive right, under said letters patent, within the state of Pennsylvania, except certain counties. It was alleged that this contract also conveyed an equitable interest in the extension of said letters patent, and that de-fendants had never used said invention ex-cept within the territory so conveyed. The answer further alleged that the conditions set forth in the contract had been fulfilled and that by proper assignments, all of the de-fendants were entitled to protection. This state of facts, it was claimed, constituted a license. The cause was heard on bill and answer. The contract between Jenkins and Walker, upon the construction of which the controversy turned, was as follows: "Where-as, Henry Jenkins, of Pottsville, Pennsyl-vania, did obtain letters patent of the United States of America for certain improvements in the process of manufacturing wire grating, etc., which letters patent *bear date* the 6th day of March, A. D. 1847, and also certain other letters patent of the United States of America for certain improvements in ma-chinery for weaving wire grating, which said last-mentioned letters patent bear date the 7th day of March, A. D. 1847, now it is hereby agreed by and between the said Henry Jenk-ins and Daniel S. Walker, of the county of Philadelphia, in the state of Pennsylvania, as follows, that is to say: that the said Henry Jenkins, upon the payment of the following notes hereby acknowledged to be delivered to him, to wit: four notes drawn by Wicker-sham and Walker, in his favor, all dated this day, one for two hundred dollars payable at six months from date, another for three hundred dollars payable at nine months from date, another for the sum of six hundred and fifty-five dollars and twenty-eight cents at twelve months from date, and the other for six hundred and fifty-five dollars and twen-ty cents at eighteen months from date, that he, the said Henry Jenkins shall and will forthwith, by proper deed or assign-ment, assign and transfer unto the said Daniel S. Walker, his executors, adminis-trators and assigns, the full, free, entire, and exclusive right, title, and privilege of using, exercising, and enjoying all and singu-lar the powers, rights, benefits and advan-